# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DRÉ EDWARD BARHAM, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 15-CV-0219-CVE-JFJ |
| JIMMY MARTIN, | ) ) ) |
| Respondent.[1] | ) |

## OPINION AND ORDER

Before the Court is the amended petition for writ of habeas corpus (Dkt. # 4) filed by petitioner Dré Edward Barham, a state inmate appearing pro se. Petitioner is serving a twelve-year prison sentence following his conviction in the District Court of Nowata County, Case No. CF-2010-64, on one count of forcible oral sodomy. Respondent filed a response to the amended petition (Dkt. # 13) and provided the state court records (Dkt. ## 13, 14) necessary for the adjudication of petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, petitioner's amended petition for a writ of habeas corpus shall be denied.

## *BACKGROUND*

Around 11:00 p.m. on July 13, 2010, R.W. received a text message from Robert Wade, inviting R.W. to his house. Dkt. # 14-8, Trial Tr. vol. 2, at 87-88.[2] R.W., who was 14 years old at

---

[1] Petitioner is currently incarcerated at the North Fork Correctional Center (NFCC), in Sayre, Oklahoma. Dkt. # 24. The NFCC's warden, Jimmy Martin, is therefore substituted in place of Robert Patton as party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note this substitution on the record.

[2] For consistency, the Court's record citations refer to the CM/ECF header page number in the upper right-hand corner of each document.

the time, knew Wade because Wade was dating R.W.'s cousin. Id. at 86-87. Wade, who was then 20 years old, knew R.W. was only 14 years old. Id. at 112, 114, 141. After R.W. agreed to "hang out," petitioner, Wade, and Demetrius Thompson[3] drove to R.W.'s house in petitioner's green Chevy Blazer. Id. at 88-89, 119-20; Dkt. # 14-9, Trial Tr. vol. 3, at 92. Wade and Thompson got out of the Blazer, walked to R.W.'s bedroom window, helped her climb out of her window, and returned to the Blazer with R.W. Dkt. # 14-8, Trial Tr. vol. 2, at 88-89, 121. Petitioner drove the group to Wade's house. Id. at 122; Dkt. # 14-9, Trial Tr. vol. 3, at 94. All four went inside and went upstairs to Wade's bedroom. Dkt. # 14-8, Trial Tr. vol. 2, at 123; Dkt. # 14-9, Trial Tr. vol. 3, at 94. Thompson or Wade gave R.W. several shots of vodka. Dkt. # 14-8, Trial Tr. vol. 2, at 92, 123, 125, 155. When the vodka bottle was empty, Wade retrieved a bottle of "homemade alcohol" from downstairs and encouraged R.W. to drink some. Id. at 92-93; Dkt. # 14-9, Trial Tr. vol. 3, at 95. Sometime thereafter, petitioner "pulled out an orange bottle with green liquid in it and poured it into [R.W.'s] QuikTrip cup," which contained Sprite. Dkt. # 14-8, Trial Tr. vol. 2, at 93. After R.W. drank that mixture, which the men called "Lean,"[4] she began feeling dizzy and told the men she was tired. Id. at 93.

Thompson, who was then 21 years old, picked R.W. up, sat her on top of him, and started removing her clothes. Id. at 94, 128-29, 150. After R.W. was undressed, Thompson and Wade took

---

[3] In the trial transcripts, Thompson is referred to as both Demetrius Thompson and Demetrius Thomas. See, e.g., Dkt. # 14-8, Trial Tr. vol. 2, at 114, 150-51. However, the charging document and the Oklahoma Department of Corrections (ODOC) website both reflect that the correct name is Demetrius Thompson. See Dkt. # 14-14, O.R., at 50 (Information); ODOC website, https://okoffender.doc.ok.gov, last visited Sept. 13, 2018.

[4] Wade testified that "Lean" is a street term for Promethazine, a prescription cough syrup. Dkt. # 14-8, Trial Tr. vol. 2, at 132-33.

2

turns having vaginal intercourse with, and receiving oral sex from, R.W. Id. at 95-96, 129-30. At some point, petitioner went downstairs to get some food. Id. at 95-96, 127. Wade later went downstairs and told petitioner R.W. wanted to "mess with" petitioner. Dkt. # 14-9, Trial Tr. vol. 3, at 95-96. Petitioner, who was 19 years old at the time, asked Wade if R.W. was "giving brain," meaning performing oral sex. Dkt. # 14-8, Trial Tr. vol. 2, at 130-31, 157, 206. Petitioner went back upstairs, pulled down his shorts, and received oral sex from R.W. Id. at 96, 131; Dkt. # 14-9, Trial Tr. vol. 3, at 96-97. Not long thereafter, R.W. got dressed and asked petitioner to take her home. Dkt. # 14-9, Trial Tr. vol. 3, at 97. Petitioner, Wade, Thompson, and R.W. got into petitioner's Blazer, and petitioner drove to R.W.'s house. Dkt. # 14-8, Trial Tr. vol. 2, at 131-32. Wade and Thompson got out with R.W. and helped her climb through her bedroom window. Id. at 98. About one week later, R.W. told family members about the incident and, ultimately, reported the incident to the Nowata Police Department. Id. at 98-99.

In August 2010, the State charged petitioner, in the District Court of Nowata County, Case No. CF-2010-64, with second degree rape, in violation of OKLA. STAT. tit. 21, § 1114 (count 1), lewd molestation, in violation of OKLA. STAT. tit. 21, § 1123 (count 2), forcible sodomy, in violation of OKLA. STAT. tit. 21, § 888 (count 3), and furnishing alcohol to a minor, in violation of OKLA. STAT. tit. 37, § 538(F) (count 4). Dkt. # 14-14, O.R., at 50. Following a preliminary hearing, the state district court found probable cause to bind Petitioner over on only two charges: lewd molestation and forcible sodomy. Dkt. # 14-1, Prelim. Hr'g Tr., at 61-64. Petitioner's case was tried to a jury in May 2012, and the jury found petitioner guilty of both charges. Dkt. # 14-9, Trial Tr. vol. 3, at 1, 147. Consistent with the jury's recommendations, the trial court imposed a five-year prison sentence and $5,000 fine for the lewd molestation conviction, imposed a twelve-year prison

sentence and $5,000 fine for the forcible sodomy conviction, and ordered the sentences to be served consecutively. Id. at 147; Dkt. # 14-13, Sent. Hr'g Tr., at 14-15.

Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), raising eight propositions of error:

> Proposition 1: The simultaneous convictions for lewd molestation and forcible sodomy violated the statutory and constitutional prohibitions against double jeopardy and double punishment.
>
> Proposition 2: The evidence was insufficient to support the lewd molestation conviction.
>
> Proposition 3: The admission of other crimes evidence prejudiced the jury, depriving petitioner of his fundamental right to a fair trial.
>
> Proposition 4: The trial court punished petitioner for going to trial by refusing to consider imposing concurrent sentences.
>
> Proposition 5: Petitioner's Fourteenth Amendment due process rights were violated when the jury was erroneously instructed as to the range of punishment for fines in both counts.
>
> Proposition 6: Prosecutorial misconduct deprived petitioner of a fair trial and caused the jury to render excessive sentences.
>
> Proposition 7: Petitioner's sentences are excessive.
>
> Proposition 8: The cumulative effect of trial errors deprived petitioner of a fair trial.

Dkt. # 13-1, Pet'r App. Br., at 2-3.

By unpublished summary opinion filed April 25, 2014, in Case No. F-2012-633, the OCCA affirmed petitioner's forcible sodomy conviction but vacated his $5,000 fine as to that conviction based on the alleged jury instruction error. Dkt. # 13-3, OCCA Op., at 2, 5. The OCCA reversed the lewd molestation conviction on double jeopardy grounds and ordered that charge dismissed. Id. at 2-4. As a result, the OCCA declared moot petitioner's challenge to the sufficiency of the evidence

4

to support the lewd molestation conviction (Proposition 2) and his claim that the trial court abused its discretion in failing to consider concurrent sentences (Proposition 4). Id. at 4 n.5. On plain-error review, the OCCA rejected petitioner's claim that the trial court erroneously admitted other crimes evidence. Id. at 4-5. The OCCA also rejected petitioner's related claim that the prosecutor committed misconduct by presenting other crimes evidence. Id. at 5-6. Finally, the OCCA rejected petitioner's claims that his twelve-year sentence was excessive and that cumulative errors rendered his trial unfair. Id. at 6.

On May 27, 2014, Petitioner filed an application for post-conviction relief in state district court, identifying one proposition of error: "My witness didn't get to speak and the Judge was against me from [the] start for not telling on my friends." Dkt. # 13-5, Pet'r PC App. Br., at 3. On January 30, 2015, petitioner filed a second application for post-conviction relief in state district court, alleging (1) "there was no touching or force during the oral sex. As a result there was no evidence independent of the forcible sodomy," (2) his trial was unfair because the State introduced evidence of other crimes, (3) the jury was biased due to prosecutorial misconduct during trial and closing arguments, (4) numerous trial errors contributed to his sentence, (5) he was confused about the victim's age because he met her at a "college party," (6) he did not get to use two witnesses who would have testified that the victim told them petitioner was innocent, and (7) he was not judged by his peers. Dkt. # 13-7, Pet'r 2d PC App. Br., at 3-5. Petitioner also stated he had "letters & statements and [a] witness" to prove his claims. Id. at 5.

By unpublished order filed February 20, 2015, the state district court denied both applications for post-conviction relief. Dkt. # 13-8, Order denying PC relief, at 1. The court reasoned,

> Petitioner raises issue[s] that were previously argued in his direct appeal and rejected by the [OCCA]. He complains that he was denied a fair trial because there was no touching or force during the oral sex but the crime of Forcible Oral Sodomy [is] completed when a person over the age of 18 receives oral sex from a child under 16. The evidence showed there was physical touching by the Petitioner touching the victim's mouth with his penis. Petitioner complains that the State of Oklahoma should not have been allowed to [introduce] other crimes evidence but the [OCCA] found that the challenged evidence was directly connected to the factual circumstances of the crime and provided necessary contextual and background information to the jury. Lastly, Petitioner again claims that prosecutorial misconduct resulted in an unfair trial but those issues were rejected on appeal as well. Petitioner states in both [a]pplications that he is a good kid, never been into trouble, college student and a good citizen, however, Petitioner had sexual contact with a minor and was found guilty by a jury after it had listened to all the facts in the case.
>
> Petitioner is also seeking to adjudicate issues that could or should have been raised on a direct appeal. He now claims that he was denied the opportunity to call witnesses [who] would have stated he was innocent but he never raised this issue upon direct appeal. The provisions of 22 O.S. Section 1080 are not a substitute for a direct appeal. Section 1086 of the Post Conviction Procedure Act prohibits the assertion of claims that could have been raised on direct appeal.

Id. at 1-2. For these reasons, the state district court denied petitioner's applications for post-conviction relief. Id. at 2.

Petitioner initiated a post-conviction appeal but failed to timely file his petition-in-error with the OCCA as required by Rule 5.2(C)(2), <u>Rules of the Oklahoma Court of Criminal Appeals</u>, Title 22, Ch. 18, App. (2015). Dkt. # 13-10, OCCA Order, at 1-2. As a result, by order filed April 20, 2015, the OCCA declined to exercise jurisdiction and dismissed petitioner's post-conviction appeal. Id. at 2.

Petitioner commenced this action by filing a petition for writ of habeas corpus (Dkt. # 1) on April 27, 2015. As directed by the Court, <u>see</u> Dkt. # 3, petitioner filed an amended petition (Dkt.

# 4) on May 18, 2015. In the amended petition, petitioner alleges he is entitled to habeas relief on ten grounds:[5]

> Ground 1: Petitioner did not receive a fair trial because he was not allowed to present two witnesses, Desiree and Vanessa, who would have testified that R.W. told them petitioner was "innocent."
>
> Ground 2: Petitioner's case was mishandled because his attorney made him pass out his own subpoenas.
>
> Ground 3: It was unfair that Sheriff Bradshaw testified at trial because Bradshaw is the grandmother of R.W.'s half-sister.
>
> Ground 4: Petitioner did not know R.W. was underage because he previously saw her at a "college party" and, on the night of the incident she said she was 17.
>
> Ground 5: Petitioner did not intend to have sexual contact with R.W. and did not use "force."
>
> Ground 6: R.W.'s trial testimony was not credible.
>
> Ground 7: The prosecutor unfairly introduced other crimes evidence at trial by presenting evidence that petitioner's codefendants furnished alcohol to R.W.
>
> Ground 8: The judge did not give petitioner a fair sentence and punished him for going to trial by imposing consecutive, rather than concurrent, sentences and by declining to consider suspending all or a portion of his sentence.

---

[5] Because petitioner appears pro se, the Court must liberally construe his pleadings. Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009). Nonetheless, "the court cannot take on the responsibility of serving as [petitioner's] attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). Petitioner identifies four grounds for relief in the spaces provided on the court-approved form. Dkt. # 4, at 5, 7-8, 10. In four additional handwritten pages, Petitioner repeats these same four grounds and adds six more, all in a single narrative paragraph with numbers 1-10 interposed, presumably, to signal 10 separate grounds for relief. Id. at 16-18. The Court liberally construes the amended petition and attempts to identify what it understands as the gist of each numbered set of facts.

7

>
> Ground 9: The all "white" jury was likely biased against him because petitioner is black and R.W. is white.
>
> Ground 10: A "good friend" of R.W. wrote letters to petitioner confirming his belief that R.W. lied about petitioner and "does wrong things."

Dkt. # 4 at 5, 7-8, 10, 16-18.

In response to the amended petition, respondent contends petitioner is not entitled to habeas relief on any of these claims. Dkt. # 13 at 3, 25. Petitioner did not file a reply.

## *DISCUSSION*

**I. Legal framework**

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of petitioner's amended habeas petition. See 28 U.S.C. § 2254. Under the AEDPA, a federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Id. § 2254(a). In addition, before a federal court may grant habeas relief, the petitioner must show that he exhausted available state-court remedies, id. § 2254(b)(1)(A), by "fairly present[ing] the substance of his federal habeas claim[s] to state courts," Hawkins v. Mullins, 291 F.3d 658, 668 (10th Cir. 2002). If the state court adjudicated the petitioner's claims on the merits, a federal court can grant relief only if the petitioner demonstrates that the state court's adjudication of those claims

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In applying § 2254(d)'s "highly deferential standard," the federal court must give the state court's decision the "benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

If the state court denied the petitioner's claims on procedural grounds those claims are procedurally defaulted for purposes of federal habeas review. Ordinarily, "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." Davila v. Davis, 137 S. Ct. 2058, 2064 (2017). A state procedural rule "is independent if it is separate and distinct from federal law," and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" Duvall v. Reynolds, 139 F.3d 768, 796-97 (10th Cir. 1998) (quoting Hathorn v. Lovorn, 457 U.S. 255, 263 (1982)).

When a petitioner fails to present his or her federal claims in state court, that claim is unexhausted. "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Grant v. Royal, 886 F.3d 874, 891-92 (10th Cir. 2018) (quoting Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006)). "However, dismissal . . . is not appropriate if the state court would now find the [unexhausted] claims procedurally barred on independent and adequate state procedural grounds." Id. at 892 (quoting Smallwood v. Gibson, 191 F.3d 1257, 1267 (10th Cir. 1999)). Thus, if the federal court finds that a state court would apply a procedural bar to the petitioner's unexhausted claims, the federal court may apply an anticipatory procedural bar and deem those claims procedurally defaulted for purposes of federal habeas review. Id.; see also Anderson v. Sirmons, 476 F.3d 1131, 1140 n. 7 (10th Cir. 2007) (defining "anticipatory procedural bar").

9

Whether a petitioner's claim is procedurally defaulted in state court or is deemed procedurally defaulted in federal court, a federal court generally will not review that claim unless the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that a "fundamental miscarriage of justice" will result if the court does not review the claim.[6] Coleman v. Thompson, 501 U.S. 722, 750 (1991). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Factors that may support the requisite cause include: previously unavailable evidence, a change in the law, and interference by state officials. Id. If a petitioner fails to demonstrate cause, the federal court need not consider whether the petitioner can demonstrate prejudice. Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995). The alternative to establishing "cause and prejudice" is proof that a "fundamental miscarriage of justice" will occur if the federal court does not consider the petitioner's constitutional claim. Coleman, 501 U.S. at 750. The miscarriage-of-justice exception requires a petitioner to demonstrate that he is "actually innocent." McCleskey v. Zant, 499 U.S. 467, 494 (1991); see Magar v. Parker, 490 F.3d 816, 820 (10th Cir. 2007) (noting that the miscarriage-of-justice exception is "implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent'" (quoting Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999))). To support a tenable claim of actual innocence, "a petitioner must show

---

[6] If a claim is unexhausted, the federal habeas court may also overlook the procedural default and deny habeas relief on the merits. See 28 U.S.C. § 2254(b)(2); Cannon v. Mullin, 383 F.3d 1152, 1159 (10th Cir. 2004) ("When questions of procedural bar are problematic, however, and the substantive claim can be disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits.").

that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schulp v. Delo, 513 U.S. 298, 327 (1995).

**II.     Analysis**

As stated, petitioner claims he is entitled to federal habeas relief on ten grounds. Dkt. # 4. Respondent contends petitioner is not entitled to habeas relief . First, respondent contends petitioner procedurally defaulted the claims he alleges in Grounds 1 through 6, 9 and 10. Dkt. # 13, at 9-19. Next, respondent contends petitioner alleges only an error of state law in Ground 7. Id. at 19-21. Alternatively, respondent contends that § 2254(d) bars habeas relief on Ground 7 because petitioner cannot show that the OCCA's adjudication of this claim was unreasonable. Id. at 21-23. Finally, respondent contends that the portion of Ground 8 challenging the trial court's failure to consider a suspended sentence is procedurally defaulted and that the portion of Ground 8 challenging the trial court's decision to order consecutive, rather than concurrent, sentences is moot. Id. at 23-25.

As discussed below, the Court finds that petitioner exhausted only two of his claims:  his claim that the admission of other crimes evidence deprived him of a fair trial (Ground 7) and his claim that the trial court abused its discretion in failing to consider concurrent sentences (part of Ground 8). Petitioner fairly presented both of these claims to the OCCA on direct appeal. See Dkt. # 13-1, Pet'r App. Br., at 2-3 (Propositions 3 and 4).  However, the Court agrees with respondent that petitioner is not entitled to habeas relief on either claim. The Court further agrees with respondent that petitioner's remaining claims (Grounds 1 through 6, 9, 10 and part of Ground 8) are procedurally defaulted and that petitioner has not made the requisite showings to obtain federal habeas review of those claims.

11

### A. Other crimes evidence (Ground 7)

In Ground 7, petitioner alleges it was "unfair" for the prosecutor to introduce other crimes evidence at trial. Dkt. # 4, at 8, 18. He specifically challenges the admission of evidence that he was present when Wade and Thompson provided alcohol to R.W. and that he poured cough syrup into her cup of soda. Id. at 8. He argues it was unfair to admit this evidence because he was not bound over for trial on the charge of furnishing alcohol to a minor, the evidence was prejudicial, and the prosecutor did not comply with state law notice requirements before presenting the evidence. Id. at 8, 18.

On direct appeal, petitioner challenged the admission of this evidence on two grounds. First, he argued that the trial court erroneously admitted the evidence under OKLA. STAT. tit. 12, § 2404(B),[7] and deprived him of a fair trial. Dkt. # 13-1, Pet'r App. Br., at 24-27. As part of this alleged evidentiary error, petitioner also argued that the State failed to comply with certain state law procedures before introducing the evidence.[8] Id. at 28-29. Second, petitioner argued he was deprived of his constitutional right to a fair trial based, in part, on the prosecutor's misconduct in introducing the other crimes evidence. Id. at 41-43.

The OCCA reviewed petitioner's challenge to the admission of other crimes evidence for plain error and rejected it. Dkt. # 13-3, OCCA Op., at 4-5. Applying state law, the OCCA reasoned

---

[7] Section 2404(B) provides that evidence of other crimes, wrongs, or acts may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. OKLA. STAT. tit. 12, § 2404(B).

[8] In Burks v. State, 594 P.2d 771, 774 (Okla. Crim. App. 1971), the OCCA set forth notice requirements that must be met before the State presents other crimes evidence at trial. Burks' notice requirements to do not apply, however, "if the other offense is "actually a part of the res gestae of the crime charged . . . .'" Hiler v. State, 796 P.2d 346, 348-49 (Okla. Crim. App. 1990) (quoting Reyes v. State, 751 P.2d 1081, 1083 (Okla. Crim. App. 1988)).

12

that the evidence was not admitted under § 2404(B) and was instead admissible as relevant evidence because it was "inextricably intertwined with the charged offense" and more probative than prejudicial. Id. at 4. The OCCA further easoned that because the evidence was not § 2404(B) evidence, petitioner was not entitled to Burks notice. Id. at 4 n.6. In light of its decision that the challenged evidence was properly admitted, the OCCA rejected petitioner's related claim that the prosecutor's allegedly improper introduction of that evidence deprived him of a fair trial. Id. at 5-6.

From the amended habeas petition it is not clear whether petitioner's Ground 7 claim challenges the OCCA's decision as to both claims he advanced on direct appeal. Dkt. # 4, at 8, 18. Respondent focuses on the admission of evidence and contends petitioner's Ground 7 claim alleges only an error of state law that is not cognizable on habeas review. Dkt. # 13, at 20-21. In the alternative, respondent contends that because the OCCA considered petitioner's challenge to the admission of the evidence under its plain-error test, petitioner's request for habeas relief is barred under § 2254(d) because the OCCA did not unreasonably apply that test. Id. at 21-23.

To the extent petitioner's Ground 7 claim merely challenges the OCCA's ruling on his evidentiary claim, the Court agrees that Ground 7 does not present a cognizable habeas claim. See Thornburg v. Mullin, 422 F.3d 1113, 1128-29 (10th Cir. 2005) ("Federal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights." (quoting Smallwood v. Gibson, 191 F.3d 1257, 1275 (10th Cir. 1999)); Moore v. Marr, 254 F.3d 1235, 1246 (10th Cir. 2001) ("[F]ederal habeas corpus relief does not lie to review state law questions about the admissibility of evidence.").

Alternatively, if the Court generously construes Ground 7 as asserting a due process violation based on either the erroneous admission of evidence or prosecutorial misconduct the Court finds for

two reasons that petitioner is not entitled to federal habeas relief. First, as respondent points out, the United States Court of Appeals for the Tenth Circuit has equated Oklahoma's plain-error test with the federal due process test. Dkt. # 13, at 21 (citing Thornburg, 422 F.3d at 1125). Thus, as respondent argues, to the extent petitioner alleges the admission of the challenged evidence resulted in a due process violation, this Court must defer to the OCCA's ruling unless it unreasonably applied the plain-error test. Id.; see Thornburg, 422 F.3d at 1125 (reviewing whether alleged evidentiary error violated due process and stating,"[b]ecause the OCCA applied the same test we apply to determine whether there has been a due process violation, we must defer to its ruling unless it unreasonably appl[ied] [the plain-error] test"). Here, petitioner does not even allege, must less demonstrate, that the OCCA unreasonably applied the plain-error test in rejecting his evidentiary claim. Dkt. # 4, generally. Thus, § 2254(d) bars habeas relief.

Second, even if petitioner could make the necessary showings under § 2254(d), this Court would reject his Ground 7 claim on de novo review. Whether he relies on the alleged evidentiary error or the alleged prosecutorial misconduct to support his due process claim, he cannot obtain relief unless he shows that the alleged error "so infected the trial with unfairness as to deny due process of law." Thornburg, 422 F.3d at 1129 (quoting Estelle v. McGuire, 502 U.S. 62, 75 (1991) (discussing due process implications of evidentiary error); see also Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (explaining that habeas relief is appropriate where prosecutorial misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process"). Determining whether petitioner can make this showing "requires an examination of the entire proceeding[], including the strength of the evidence against the defendant." Hanson v. Sherrod, 797 F.3d 810, 843 (10th Cir. 2015). Here, the evidence against petitioner, particularly his own

testimony, is powerful. Petitioner stands convicted of forcible oral sodomy. To obtain that conviction, the State had to prove, beyond a reasonable doubt, that petitioner's penis penetrated R.W.'s mouth when he was over 18 years of age and she was under 16 years of age. See OKLA. STAT. tit. 21, §§ 886, 887, 888; Okla. Unif. Jury Instr. Crim. (2d) No. 4-128. At trial, petitioner testified he was 19 years old when R.W. performed fellatio on him. Dkt. # 14-9, Trial Tr. vol. 3, at 95-96, 98-100. R.W. testified she was 14 years old at that time. Dkt. # 14-8, Trial Tr. vol. 2, at 86. Considering this fraction of the evidence, and the record as a whole, the Court rejects petitioner's claim that admission of the challenged evidence "so infected the trial with unfairness" as to violate petitioner's right to due process. For these reasons, the Court denies the amended petition as to Ground 7.

  **B. "Unfair" sentence (Ground 8)**

In Ground 8, petitioner alleges his sentence is "unfair" because the trial court (1) declined to consider concurrent sentences and (2) refused to suspend all or a portion of his sentence. Dkt. # 4, at 18.

Respondent acknowledges that petitioner presented the first portion of this claim to the OCCA on direct appeal. Dkt. # 13, at 23-25. Nonetheless, respondent contends this portion of petitioner's claim is moot because the OCCA reversed petitioner's lewd molestation conviction and vacated his sentence, leaving petitioner with only one sentence to serve. Id. Respondent contends the second portion of this claim is unexhausted and subject to anticipatory procedural bar; thus, respondent argues, it is procedurally defaulted. Id. at 16-19.

The Court agrees with respondent's contentions as to both portions of petitioner's Ground 8 claim. And, as further discussed below, petitioner cannot make the showings necessary to

15

overcome the procedural default of this or any other claim. The Court also find that petitioner's Ground 8 claim does not state a cognizable habeas claim because petitioner challenges the trial court's discretionary sentencing decisions and does not even suggest that his twelve-year sentence exceeds the statutory range of punishment for his crime. See Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000) (noting challenges to state court's sentencing decisions "are not generally constitutionally cognizable unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law"). The Court therefore denies the amended petition as to Ground 8.

### C. Procedural default (Grounds 1 through 6, 9 and 10)

In his eight remaining claims, petitioner alleges that he did not receive a fair trial because he was not allowed to present two witnesses, both of whom he claims would have testified that R.W. told them petitioner was innocent (Ground 1); that his case "was not handle[d] in a right way" because he had to hand out his own subpoenas (Ground 2); that it was "unfair" that Sheriff Micky Bradshaw collected evidence for his prosecution and testified at trial because Bradshaw is the grandmother of R.W.'s half-sister (Ground 3); that he did not know R.W. was underage because he met her at a "college party" before the incident and, on the night of the incident, she said she was 17 (Ground 4); that he never intended to have sexual contact with R.W. and he did not force her to have oral sex (Ground 5); that R.W.'s trial testimony was not credible because she was "caught in some lies at [the] preliminary hearing" (Ground 6); that his jury selection "should have been [a] mixture of races, not just one race 'white,'" because he is black and R.W. is white (Ground 9); and that R.W.'s "good friend" wrote petitioner letters confirming that R.W. "lied about [him]," and "does wrong things." Dkt. # 4, at 16-18.

Even assuming, without deciding, that these undeveloped assertions are sufficient to state cognizable habeas claims, the Court agrees with respondent that these claims are procedurally defaulted. Petitioner first raised Grounds 1 and 4, and parts of Ground 5 and 10, in his applications for post-conviction relief. Dkt. # 13-5 at 3; Dkt. # 13-7 at 4-5. He first raised Grounds 2, 3 and 9 in his post-conviction appeal brief. Dkt. # 13-9 at 5-7. But the OCCA declined to consider any of the claims he raised in his post-conviction applications, as well as those he belated raised for the first time in his post-conviction appellate brief, on an independent and adequate procedural ground, i.e., petitioner's failure to timely file his petition-in-error. Dkt. # 13-10 at 1-2; see Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2015) (establishing deadlines for filing petition-in-error); see also Brewington v. Miller, 443 F. App'x 364, 367 (10th Cir. 2011) (unpublished)[9] ("As we have long recognized, OCCA Rule 5.2(C)(2) is both independent and an adequate state ground for default."); see also Rule 5.2(C)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018) (providing failure to timely file petition-in-error "is jurisdictional and shall constitute a waiver of right to appeal and a procedural bar for [the OCCA] to consider the appeal"). As a result, petitioner procedurally defaulted Grounds 1, 2, 3, 4, 5, 9 and 10 in state court. Petitioner did not present his Ground 6 claim on direct appeal or in his post-conviction applications. That claim is therefore unexhausted and subject to an anticipatory procedural bar because, should petitioner attempt to return to state court to exhaust it now, the state court likely would find that claim procedurally barred. See Anderson, 476 F.3d at 1139 n.7; OKLA. STAT. tit. 22, § 1086 (generally barring post-conviction relief for claims not raised in first post-

---

[9] The Court cites this unpublished decision for its persuasive value. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

conviction application). Thus, the claims alleged in Grounds 1 through 6, 9 and 10 are procedurally defaulted.

Further, as respondent contends, petitioner does not even attempt to demonstrate cause to overcome the procedural default of those claims. Dkt. # 13, at 14. And, while petitioner asserts that he is "innocent," his own trial testimony precludes the plausibility of that assertion. As previously discussed, petitioner testified he was 19 years old when R.W. performed fellatio on him. Dkt. # 14-9, Trial Tr. vol. 3, at 95-96, 98-100. And R.W. testified she was only 14 years old at the time. Dkt. # 14-8, Trial Tr. vol. 2, at 86. Under these facts, the miscarriage-of-justice exception does not apply. See Magar, 490 F.3d at 820. Because petitioner procedurally defaulted the claims he alleges in Grounds 1 through 6, 9 and 10 and because he fails to make the showings necessary to permit review of those claims, the Court denies the amended petition as to all eight claims.

## *CONCLUSION*

After careful review of the record, the Court concludes that petitioner has not demonstrated that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a). The Court therefore denies his petition for a writ of habeas corpus.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court rejects a petitioner's constitutional claims on the merits, the applicant must make this showing by demonstrating "that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court rejects a petitioner's claims on procedural grounds, the applicant must show both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Because the Court finds no reasonable jurists would debate he correctness of its assessment of petitioner's Ground 7 claim or of its procedural rulings as to petitioner's remaining claims, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note the substitution of Jimmy Martin in place of Robert Patton as party respondent.

2. The amended petition for a writ of habeas corpus (Dkt. # 4) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this case.

**DATED** this 14th day of September, 2018.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE